UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN L. WALLACE, | ) |
| Movant, | ) |
| v. | ) No. 4:12-CV-2247 (CEJ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM**

This matter is before the court on the motion of Kevin L. Wallace to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The United States has filed a response in opposition, and the issues are fully briefed.

**I. Background**

Count I of the superseding indictment charged Wallace with conspiring to distribute and to possess with intent to distribute more than 50 grams of cocaine base and more than five kilograms of cocaine, in violation of 21 U.S.C. § 846. In Count VII, Wallace was charged with the substantive offense of possession with intent to distribute more than 50 grams of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1).

On July 8, 2008, Wallace appeared before the court to enter a plea of guilty to a lesser included offense in Count I. Counsel for the parties had prepared a written plea agreement, but Wallace was unable to read it because he was having vision problems. Consequently, the written plea agreement was not signed by Wallace and, instead, the terms of the parties' agreement were presented orally to

˘ 1 ˘

the court.  Among other things, it was agreed by the parties that Wallace would admit responsibility for a quantity of drugs that was lower than that alleged in Count I.  In his guilty plea, Wallace stated under oath that he was responsible for 117 grams of cocaine base.  He did not admit to being responsible for any quantity of cocaine.

In response to questioning by the court, Wallace described his involvement in the conspiracy.  Wallace stated that he agreed to drive co-defendant Jewell Allen to meet co-defendant Felix Wallace for the purpose of obtaining cocaine base.  During the meeting, Felix Wallace distributed 117 grams of cocaine base to Allen.  As Wallace and Allen were driving away from the meeting, they were followed by the police.  Allen threw the cocaine base out the window of the car, however, both men were arrested.

The court informed Wallace of the penalties for the offense, which included a sentence of imprisonment of not less than 10 years and not more than life and a supervised release term of not less than five years and not more than life.  21 U.S.C. § 841(b)(1)(A)(iii). Wallace stated that he understood the mandatory minimum penalties he faced.  According to the presentence report the guideline imprisonment range was 120 to 137 months.  Wallace did not object to the guideline calculation in the presentence report nor to the statement in the report that he was responsible for 117 grams of cocaine base.

Wallace was sentenced to a 120-month term of imprisonment and a five-year term of supervised release.  Count VII and a forfeiture count were dismissed by the government.  The judgment was affirmed on appeal.

**II.  Discussion**

In the motion to vacate, Wallace asserts that he was denied effective assistance of counsel as a result of his attorney's failure to challenge the drug quantity on which his sentence was based. To prevail on an ineffective assistance claim, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first Strickland prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The failure to show prejudice is dispositive, and a court need not address the reasonableness of counsel's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

Wallace claims that he was improperly sentenced for the quantity of cocaine base that was involved in the dismissed Count VII. This claim is clearly belied by the record. As discussed above, Wallace unequivocally admitted that he was responsible for 117 grams of cocaine base in connection with his participation in the conspiracy alleged in Count I. He further stated that he understood that his offense carried a mandatory minimum sentence of 10 years in prison. Despite the absence of a written plea agreement, there was no ambiguity as to either the drug quantity attributable to Wallace or as to the penalties he faced.

Further, the conspiracy charge in Count I is not identical to the possession with intent to distribute charge in Count VII. Each count is based on a different statute, each requires proof of different facts, and each count is independent of the other. Consequently, the dismissal of Count VII did not affect Count I. Moreover, the drug quantity the court considered in determining Wallace's sentence on Count I was the quantity he admitted responsibility for—not the quantity involved in Count VII.

Wallace has not shown that defense counsel's performance was objectionably unreasonable or that he was prejudiced. Therefore, his ineffective assistance of counsel claim lacks merit.

### III. Conclusion

For the reasons discussed above, the court concludes that motion and the files and records of this case conclusively show that Wallace is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the motion to vacate. Therefore, the motion will be denied without a hearing. See Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the court finds that Wallace has not made a substantial showing of the denial of a constitutional right. Therefore, the court will not issue a certificate of appealability. See 28 U.S.C. ҫ 2253.

An order consistent with this memorandum opinion will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of December, 2015.